

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUBA OPLCHENSKI and AIDA NOREY, individually and on behalf of a class of persons similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) No. 05 C 6105 |
| v. | ) Judge John W. Darrah |
| PARFUMS GIVENCHY, INC., a New York corporation, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Luba Oplchenski and Aida Norey, filed a nine-count class action lawsuit against multiple Defendants. Plaintiffs' claims include violations of the Employment Retirement Income Security Act ("ERISA"), violations of the Illinois Wage and Payment and Collection Act ("IWPCA"), violations of the Federal Insurance Contributions Act ("FICA"), and violations of federal common law. Presently before the Court is Defendants' Motion to Dismiss.

## BACKGROUND

A reading of the Third Amended Complaint and the ERISA plan documents referenced within the Third Amended Complaint[1] support the following summary of the alleged operative conduct of the parties.

---

[1] The Court may consider the ERISA plan documents referenced within Plaintiffs' Third Amended Complaint without converting the Motion to Dismiss to a motion for summary judgment. However, other documents, *i.e.*, Summary Plan Description and affidavits, that are not referenced or included in the Third Amended Complaint are not considered in ruling on the present motion to dismiss. *See Albany Bank v. Exxon Mobile Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

Plaintiffs are current and former employees of Parfums Givenchy, Inc. ("PG Inc.") and Parfums Givenchy LLC ("PG LLC"). During their employment with PG Inc. and PG LLC, Plaintiffs were paid and issued Form 1099's by American Designer Fragrances. Oplchenski is also a former employee of Guerlain, Inc. Plaintiffs' employment positions were referred to as fragrance models, demonstrators or rotators.

Guerlain is, or was, the plan administrator of the LVMH Affiliates' Retirement Plan ("LVMHARP") and its predecessor, the Retirement Plan for Employees of Guerlain, Inc. (Guerlain Plan"). Effective December 31, 2000, the Guerlain Plan merged with the Christian Dior Perfumes, Inc. Pension Plan to form LVMHARP. On or before December 31, 2000, employees of wholly owned subsidiaries of Guerlain who had adopted the Guerlain Plan were eligible to participate in the plan. Effective January 1, 2001, employees of various entities affiliated with PG Inc. participated in LVMHARP, including PG Inc., Givenchy Corp., and LVMH Perfumes and Cosmetics, LLC. In April 2003, PG Inc. merged with Christian Dior Perfumes, Inc. ("CDP"); and CDP transferred the assets and liabilities of PG Inc. to PG LLC. Since April 28, 2003, CDP has operated under the name LVMH Perfumes and Cosmetics, Inc. ("LVMH PC Inc.").

PG Inc. and PG LLC incorrectly classified Plaintiffs as independent contractors during their employment. PG Inc. and PG LLC's incorrect classification caused Plaintiffs to be improperly excluded from participating in LVMHARP and the Medical Plan and improperly caused Plaintiffs to be denied additional compensation – including overtime pay, short-term-disability benefits, sick pay, vacation pay, and other benefits through their employers.

Count I of Plaintiffs' Third Amended Complaint alleges that Defendants violated Section 502(a)(1)(B) of ERISA [29 U.S.C. § 1132(a)(1)(B)] by improperly withholding Plaintiffs' vested

benefits for which they are entitled under the terms of the LVMHARP and the Medical Plan by Defendants' erroneous characterization of Plaintiffs as independent contractors. Furthermore, Defendants' amendments to the LVMHARP did not become effective as to Plaintiffs because Plaintiffs did not receive notice of the amendments, as provided under Section 204(h) of ERISA [29 U.S.C. § 1024(h)].

Count II alleges that PG Inc., PG LLC, CDP, and LVMH PC Inc. violated the IWPCA by withholding benefits and requiring Plaintiffs to pay the employer's portion of social security taxes.

Count III alleges that PG Inc., PG LLC, Guerlain, CDP, and LVMH PC Inc. violated FICA by requiring Plaintiffs to pay the employer's portion of social security taxes.

Count IV alleges that PG Inc., PG LLC, CDP, and LVMH PC Inc. violated the "federal common law of ERISA for breach of contract" by improperly requiring Plaintiffs to pay the employer's portion of social security taxes.

Count V seeks an injunction, restitution, and an order requiring Defendants to accrue, compute, and pay Plaintiffs in accordance with the plans, communicate with the participants, timely supply requested documents, and refrain from concealing documents.

Count VI seeks a finding of exhaustion of Plaintiffs' ERISA claims.

Count VII alleges that each of the fiduciary Defendants breached their fiduciary duties by: (1) operating the plans for their benefit and not for the exclusive purpose of providing benefits to the Plaintiffs, (2) failing to follow ERISA requirements, (3) failing to follow the plans, (4) failing to comply with notice requirements, (5) failing to follow the plans' written claim review procedures and misrepresenting those procedures, (6) failing to provide a copy of the entire administrative

record, (7) failing to implement procedures to ensure claims are handled properly, and (8) concealing documents and information from Plaintiffs.

Count VIII alleges that PG Inc. and companies affiliated with LVMH implemented a scheme or policy with the specific intent to interfere with the attainment and receipt of benefits under the plans in violation of Section 502(a)(3) and 510 of ERISA [29 U.S.C. §§ 1132(a)(3) and 1140].

Count IX alleges that the plan administrators violated Section 502(c) [29 U.S.C. § 1132(c)] by not providing Oplchenski with a copy of the administrative record.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

Defendants argue that Plaintiffs' FICA claims must be dismissed because no private right of action exists to recoup the employer's portion of social security taxes.

The parties agree that FICA is silent as to whether an employee can bring suit against his or her employer for improper payment of FICA taxes. Accordingly, it must be determined whether a private cause of action can be implied under the statute.

A four-part test is applied in determining whether a private remedy can be implied in a statute that does not expressly provide for such a remedy. *See Cort v. Ash*, 422 U.S. 66, 78 (1975) (*Cort*). The four-part test includes determining: (1) whether the statute creates a federal right in favor of the plaintiff, (2) if there is any indication of legislative intent to create or deny a remedy, (3) if it is consistent with the underlying purposes of the legislative scheme to imply a private remedy, and (4) if the cause of action is traditionally relegated to state law so that it would be inappropriate to infer a federal cause of action. *See Cort*, 422 U.S. at 78. Clarifying the test, the Supreme Court has held that the "central inquiry" is "whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v. Redington*, 422 U.S. 560, 575 (1979). "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

Applying this standard, several courts have found that no private cause of action may be implied under the FICA statute. *See McDonald v. Southern Farm Bureau Life Ins. Co.*, 291 F.3d 718, 723 (11 Cir. 2002) (*McDonald*); *Berger v. AXA Network, LLC*, 2003 WL 21530370 (N.D. Ill.

July, 7, 2003) (*Berger*); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 560-61 D. Md. 2003) (*Paukstis*).

The FICA statute is a tax-assessing statute designed to raise revenue for the federal government and was not enacted for the special benefit of individuals such as the instant Plaintiffs. Each provision concerns taxation rates, deduction and collection procedures, and explanations of the types of employment and wages covered by the act. *See McDonald*, 291 F.3d at 723, citing 26 U.S.C. §§ 3101-02, 3111-12, 3121-24, 3128. "Simply put, an employee's ability to collect Social Security is in no way dependent on his employer's compliance with FICA. Thus, there would be no need for an employee to sue his employer under FICA to collect the Social Security funds designed for his special benefit." *McDonald*, 291 F.3d at 724. Nothing in FICA, including its structure and legislative history, indicates that Congress envisioned private suits to enforce what is basically a tax-collection statute. *See McDonald*, 291 F.3d 724.

In addition, allowing a private cause of action would undermine the administrative procedures that have been expressly created in order to assist employees who claim that they have not been assessed proper FICA taxes. *See McDonald*, 291 F.3d 725. Outside of FICA, Congress has established a comprehensive regulator scheme to allow employees to seek relief. For example, an employee can file a Form SS-8 with the Internal Revenue Service to obtain a determination from the IRS whether he is an employee or independent contractor for tax purposes. An employee can also file an administrative claim with IRS for a refund of self-employment taxes he allegedly overpaid. *See* 26 U.S.C. § 6511(a). The employee can also file suit against the government for a refund of his taxes. *See* 28 U.S.C. § 1346(a)(1).

Lastly, while implying a private cause of action would not offend the basic principles of federalism, "it is clear from an application of the first three *Cort* factors that Congress did not intend to create a private right of action under FICA." *McDonald*, 291 F.3d at 726 (insurance agent incorrectly classified as an independent contractor could not bring suit for violations of FICA); *see also Berger*, 2003 WL 21530370 at * 4 (same).

Plaintiffs rely on other district court decisions, holding a private cause of action under FICA does exist. These decisions lack the persuasive reasoning and logic of *McDonald*, and this Court respectfully disagrees with their holdings. *See Sanchez v. Overmeyer*, 845 F. Supp. 1178, 1180-81 (N.D. Ohio 1993) (relying heavily on Social Security Act in finding that private right of action exists under FICA); *Ford v. Troyer*, 25 F. Supp. 2d 723, 726 (E.D. La. 1998) (same).

Plaintiffs also cite to *Calderon v. Witvoet*, 999 F.3d 1101 (7th Cir. 1993) ( *Calderon*), in support of their FICA claims. However, the *Calderon* court did not decide the present issue. Instead, the court found that migrant workers have standing to compel enforcement of the FICA statutory reporting requirements to the IRS. *See Calderon*, 999 F.2d at 1106. Dicta within *Calderon* actually supports Defendants' argument – "the plaintiffs' real interest lies in ensuring that the [defendants] make the proper reports of their income. Whether these reports lead to an assessment of taxes is between the [defendants] and Commissioner of Internal Revenue . . . the district court recognized the distinction between requiring the [defendants] to report the plaintiffs' income and requiring them to pay taxes on it." *Calderon*, 999 F.2d at 1106. Here, Plaintiffs do not

allege that Defendants failed to report their income but that Defendants reported the income on Form 1099s and that Plaintiffs paid the taxes on this income. Accordingly, even *Calderon* fails to support Plaintiffs' argument.

Based on the above, Plaintiffs do not have a private right of action under FICA; and Plaintiffs' FICA claims, including the IWPCA claim in Count II based on FICA and Counts III and IV, are dismissed with prejudice.

Defendants seek to dismiss the remaining IWPCA claim, arguing that Plaintiffs have failed to allege a contract or agreement, as required under the IWPCA. Plaintiffs need not plead the elements of their cause of action. *See Kolupa*, 438 F.3d at 713. Furthermore, the "agreement" required under IWPCA need not be a contract but may be based on a "manifestation of mutual assent." *Landers-Scelfo v. Corporate Office Sys., Inc.*, 356 Ill. App. 3d 1060, 1067-68. Accordingly, it would be premature to dismiss Plaintiffs' IWPCA claim at this stage of the pleadings.

Defendants seek dismissal of Plaintiffs' ERISA claims, arguing that Plaintiffs lack standing to bring suit because Plaintiffs, contrary to their claim, were not and are not entitled to be participants in the ERISA plans. Both parties rely extensively on documents outside of the Third Amended Complaint, as well as ERISA documents referred to in the Third Amended Complaint, in support of their arguments. For example, the parties rely on affidavits that are not part of the Third Amended Complaint, on the factual issues of whether Oplchenski worked at least thirty hours per week. These documents and the factual issues raised by them are not properly considered in determining whether Plaintiffs' claims should be dismissed. Plaintiffs allege that they are participants under the ERISA plans. As presented, whether Plaintiffs are actually participants under

the ERISA plans cannot be determined at this time. Accordingly, at this time, Plaintiffs' ERISA claims are not dismissed for lack of standing.

Defendants argue that Plaintiffs' breach of fiduciary claims based on Section 502(a)(3) should be dismissed because they are substantially identical to Plaintiffs' claims for benefits under Section 502(a)(1).

Section 502(a)(3) authorizes suits for equitable relief for breach of fiduciary obligations. *See* 29 U.S.C. § 1132(a)(3); *Varity v. Howe*, 516 U.S. 489, 512 (1996) (*Varity*). Section 502(a)(3) is considered a "catchall" or "safety net" provision for equitable relief for injuries caused by violations of Section 502 where adequate remedies do not otherwise lie. *See Varity*, 516 U.S. at 512. Because Section 502(a)(3) provides for equitable relief where relief otherwise does not lie, claims under Section 502(a)(3) are not generally cognizable when relief is available under Section 502(a)(1)(B). *See Lee v. Laborers' Local #231 Pension Plan Bd. of Trustees*, 2006 WL 1582457 (C.D. Ill. June 8, 2006) (*Lee*); *Moffat v. Unicare Midwest Plan Group*, 2005 WL 1766372 (N.D. Ill. July 25, 2005); *Schulter v. Principal Life Ins. Co.*, 2001 WL 476589 (N.D. Ill. May 2, 2001). However, a Section 502(a)(3) claim may be brought where a plaintiff seeks equitable relief resulting from a breach of fiduciary duty in addition to legal remedies resulting from a denial of benefits. *See Lee*, 2006 WL 1582457 at * 11.

Here, Plaintiffs seek legal remedies resulting from the denial of their benefits; and they also seek equitable relief resulting from the alleged breach of fiduciary duties. Accordingly, Plaintiffs may properly allege a Section 502(a)(3) claim.

Defendants seek dismissal of Plaintiffs' Section 510 claim in Count VIII of Plaintiffs' Third Amended Complaint wherein Plaintiffs allege that Defendants misclassified persons as independent contractors with the specific intent to interfere with their attainment and receipt of benefits under the ERISA plans.

Section 510 of ERISA provides, in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140. "[A] fundamental prerequisite to a § 510 action is an allegation that the employer-employee relationship, and not merely the pension plan, was changed in some discriminatory or wrongful way." *Deeming v. American Standard, Inc.*, 905 F.2d 1124, 1127 (7th Cir. 1990). Accordingly, no Section 510 cause of action lies for a "misclassification" of an employee. *See Downes v. J.P. Morgan Chase & Co.*, 2004 WL 1277991 (S.D.N.Y. June 8, 2004); *Schwartz v. Independence Blue Cross*, 299 F. Supp. 441, 450 (E.D. Pa. 2003). Accordingly, Plaintiffs' Section 510 claim in Count VIII is dismissed with prejudice.

Lastly, Defendants seek dismissal of Count VI of Plaintiffs' Third Amended Complaint, arguing that Section 502 does not provide that a failure to timely respond to a claim for benefits results in an automatic receipt of those benefits. In Count VI, Plaintiffs allege that Defendants failed to respond to Oplchenski's claim on behalf of herself and the class, as required by Section 503, and that failure to respond entitles Plaintiffs "to the benefits they seek from the respective plans plus interest under the deemed exhaustion provisions of these regulations." Contrary to Defendants'

interpretation, Count VI does not seek automatic receipt of benefits but seeks a determination that the claim is exhausted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. Plaintiffs' FICA claims (IWPCA claim in Count II based on FICA and Counts III and IV) and Plaintiffs' Section 510 claim in Count VIII are dismissed with prejudice; Defendants' Motion to Dismiss as to the remaining counts is denied.

Dated: February 12, 2007

JOHN W. DARRAH
United States District Court Judge