UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUBA OPLCHENSKI and AIDA NOREY, Individually and on Behalf of a Class of Persons Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 05 C 6105 |
| v. | ) ) | Judge John W. Darrah |
| PARFUMS GIVENCHY, INC., a New York Corporation, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Luba Oplchenski and Aida Norey, filed a ten-count Fifth Amended Complaint against multiple Defendants. Plaintiffs' claims include violations of the Employment Retirement Income Security Act ("ERISA"), violations of the Illinois Wage and Payment and Collection Act ("IWPCA"), violations of the Illinois Minimum Wage Act ("IMWA"), and violations of federal and common law. Presently before the Court is Defendants' Motion to Dismiss.

## BACKGROUND

A reading of the Fifth Amended Complaint and the ERISA plan documents referenced within the Fifth Amended Complaint support the following summary of the alleged operative conduct of the parties.

Plaintiffs are current and former employees of Parfums Givenchy, Inc. ("PG Inc.") and Parfums Givenchy LLC ("PG LLC"). During their employment with PG Inc. and PG LLC, Plaintiffs were paid and issued Form 1099s by American Designer Fragrances. Oplchenski is

also a former employee of Guerlain, Inc. Plaintiffs' employment positions were referred to as fragrance models, demonstrators or rotators.

Guerlain is, or was, the plan administrator of the LVMH Affiliates' Retirement Plan ("LVMHARP") and its predecessor, the Retirement Plan for Employees of Guerlain, Inc. ("Guerlain Plan"). Effective December 31, 2000, the Guerlain Plan merged with the Christian Dior Perfumes, Inc. ("CDP") Pension Plan to form LVMHARP. On or before December 31, 2000, employees of wholly owned subsidiaries of Guerlain who had adopted the Guerlain Plan were eligible to participate in the plan. Effective January 1, 2001, employees of various entities affiliated with PG Inc. including PG Inc., Givenchy Corp., and LVHM Perfumes and Cosmetics, LLC participated in LVMHARP,. In April 2003, PG Inc. merged with CDP; and CDP transferred the assets and liabilities of PG Inc. to PG LLC. Since April 28, 2003, CDP has operated under the name LVMH Perfumes and Cosmetics, Inc. (LVMH PC Inc.").

PG Inc. and PG LLC incorrectly classified Plaintiffs as independent contractors during their employment. PG Inc. and PG LLC's incorrect classification caused Plaintiffs to be improperly excluded from participating in LVMHARP and the Medical Plan and improperly caused Plaintiffs to be denied additional compensation – including overtime pay, short-term-disability benefits, sick pay, vacation pay, and other benefits through their employers.

Count I of Plaintiffs' Fifth Amended Complaint alleges that Defendants violated Section 502(a)(1)(B) of ERISA [29 U.S.C. § 1132(a)(1)(B)] by improperly withholding Plaintiffs' vested benefits to which they are entitled under the terms of the LVMHARP and the Medical Plan by Defendants' erroneous characterization of Plaintiffs as independent contractors. Furthermore,

2

Defendants' amendments to the LVMHARP did not become effective as to Plaintiffs because Plaintiffs did not receive notice of the amendments, as provided under Section 204(h) of ERISA [29 U.S.C. § 1024(h)].

Count II alleges that Guerlain, PG Inc., PG LLC, CDP, and LVMH PC Inc. violated the IWPCA by failing to pay Plaintiffs the amount which they are owed under the IWPCA.

Count III alleges that Guerlain, PG Inc., PG LLC, CDP, and LVMH PC Inc. violated IMWA by failing to pay Plaintiffs for overtime compensation that Plaintiffs are owed as employees.

Count IV alleges that Guerlain, PG Inc., PG LLC, CDP, and LVMH PC Inc. have violated their contractual obligations as employers of Plaintiffs by improperly requiring Plaintiffs to work as common-law employees but denying Plaintiffs the pay and benefits paid to other common-law employees.

Count V seeks an injunction and restitution. Count VI seeks a finding of exhaustion of Plaintiffs' ERISA claims.

Count VII alleges that each of the fiduciary Defendants breached their fiduciary duties by: (1) violating the "exclusive benefit rule" and operating the Plans for their own benefit and not for the exclusive purpose of providing benefits to the Plaintiffs, (2) failing to follow the ERISA requirements, (3) failing to follow the Plans, (4) failing to comply with the notice requirements, (5) failing to follow the Plans' written claim review procedures and misrepresenting those procedures, (6) failing to provide a copy of the entire administrative record, (7) failing to implement procedures to ensure claims are handled properly, and (8) concealing documents and information from the Plaintiffs.

Count VIII alleges that the plan administrators violated Section 502(c) [29 U.S.C. § 1132(c)] by not providing Oplchenski with a copy of the administrative record.

Count IX alleges, in the alternative, that Defendants breached an implied contract with the Plaintiffs by avoiding the payment of the reasonable value of the services provided and avoiding the costs associated with the employment relationship by shifting the costs to the Plaintiffs.

Count X alleges, in the alternative, that Defendants have been unjustly enriched. Plaintiffs seek compensation for all of the business expenses they were improperly required to bear by the Defendants and for all of the employment taxes, unemployment compensation, and workers compensation under the theory of *quantum meruit*.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. See *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. See *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (Kolupa). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be

necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

The Defendants seek to dismiss Count IV (breach of contract) of the Fifth Amended Complaint, contending that no federal common-law breach of contract claim is recognized, that any common law-claim to ERISA benefits is preempted, and in regards to non-ERISA benefits, that the plaintiffs have failed to state a valid claim.

ERISA provides the Plaintiffs with the right to bring a civil action against a plan in order to recover their benefits. 29 U.S.C. § 1132. ERISA also, however, preempts certain claims and limits the ways a plaintiff can attempt to recover damages. ERISA claims will usually preempt any state and federal law claims that seek benefits under an ERISA plan as a remedy. 29 U.S.C. § 1144(a). Generally, if the common-law claim is specifically related to the ERISA plan, ERISA will preempt any related common-law claim. If the existence of an ERISA plan is a critical factor in establishing liability under state or federal law, the state law or federal law claim relates to an ERISA plan and is preempted. See *Ingersol-Rand Co. v. McClendon*, 298 U.S. 133, 139-140 (1990). Furthermore, claims for breach of contract are preempted by ERISA and should be dismissed when they relate to or have a connection with a plan governed by ERISA. *See Collins v. Ralston Purina Co.*, 147 F.3d 592 (7th Cir. 1998); *Plumb v. Fluid Pump Serv. Inc.*, 124 F.3d 849, 857 (7th Cir. 1997).

The Plaintiffs bring a common-law breach of contract claim under both federal and state law for benefits that are covered under ERISA. First, a federal common-law breach of contract claim is not recognized. *See Buckley Dement, Inc. v. Travelers Plan Administrators of Ill., Inc.*, 39 F.3d 784, 788-89 (7th Cir. 1994); *Herrnreiter v. Chicago Housing Auth.*, 281 F.3d 634, 638 (7th Cir. 2002). Furthermore, as to the state law claim, without the ERISA plan, there simply

would be no ground for a breach of contract claim as to these ERISA benefits. Therefore, the federal common-law breach of contract is dismissed; and the state common-law contract claim arising from the ERISA Plan is preempted and dismissed. However, Plaintiffs' breach of contract claim as to the non-ERISA benefits do not relate to the plan and are not dismissed based on preemption. In the alternative, Defendants argue that the Plaintiffs fail to sufficiently plead a state common-law breach of contract claim. In this regard, Plaintiffs' allegations sufficiently plead a breach of contract claim for non-ERISA benefits – notifying the Defendants of the principal allegations against them. Therefore, Defendants' motion to dismiss as to Count IV is granted in part and denied in part.

The Defendants also seek to dismiss Count IX (breach of implied contract) of the Fifth Amended Complaint on the same grounds as Plaintiffs' breach of contract claim.

Plaintiffs' federal common-law breach of implied contract claim is not recognized, and the Plaintiffs common-law breach of an implied contract claim for benefits that are covered under ERISA is preempted. As such, the Plaintiff's federal common-law breach of implied contract claim is dismissed; and the state common-law breach of implied contract claims as to the ERISA Plan are dismissed. In this same regard, Plaintiffs' breach of an implied contract claim to the non-ERISA benefits do not relate to the plan and are sufficiently pled. Accordingly, Defendants' motion to dismiss as to Count IX of the Plaintiff's Fifth Amended Complaint is granted in part and denied in part.

Additionally, the Defendants seek to dismiss Count X (unjust enrichment) of the Fifth Amended Complaint, contending that any common-law claim to ERISA benefits is preempted and, in regards to non-ERISA benefits, that the Plaintiffs have failed to state a valid claim.

The Plaintiffs seek compensation under the common law of ERISA from Defendants for lost sick pay, vacation pay, short-term disability payments, payments pursuant to any other plan program, employment taxes, unemployment compensation, and workers' compensation.

Section 502(a)(1)(B) of ERISA [29 U.S.C. § 1132(a)(1)(B)] permits a participant to bring suit to recover benefits due to him or her under the terms of a plan subject to ERISA, to enforce his or her rights under each such plan, or to clarify his or her right to future benefits under the terms of each such plan. The Plaintiffs seek compensation for ERISA benefits under section 502(a)(1)(B) of ERISA in Count I of their Fifth Amended Complaint. Therefore, any claim for ERISA benefits in Count X is preempted and included in Count I of the Fifth Amended Complaint.

In Count X, the Plaintiffs also seek compensation under the common law of *quantum meruit* against the Defendants, claiming, in the alternative, unjust enrichment. However, any ERISA benefit that the Plaintiffs claim unjustly enriched the Defendants is preempted by ERISA and must be brought as an ERISA claim. Further, the Plaintiffs' claims that they are entitled to the *quantum meruit* value of unemployment compensation and workers' compensation is unfounded. The Plaintiffs may only file a claim for unemployment benefits with the Illinois Department of Employment Security. 820 ILCS 405/100. Also, the Plaintiffs cannot seek workers' compensation under *quantum meruit*, but such a claim must be brought under the Illinois Workers' Compensation Act.

In addition, the Plaintiffs seek compensation of "employment taxes" under *quantum meruit*. However, this Court previously dismissed with prejudice all claims seeking reimbursement for Social Security tax payments made by the Plaintiffs that was pled in the Fourth Amended Complaint, finding that Plaintiffs did not have a private right of action to seek such employment tax. A dismissal with prejudice bars a plaintiff from filing a future action on

the same claim. *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). The Plaintiffs fail to differentiate their new claim for "employment taxes" from their previous claim under FICA. Accordingly, the Plaintiffs' claim for "employment taxes" is dismissed under the *res judicata* doctrine. Based on the above, Defendants' motion to dismiss as to Count X of the Plaintiffs' Fifth Amended Complaint is granted.

Lastly, the Defendants seek to dismiss Counts IV, IX, and X of the Plaintiffs' Fifth Amended Complaint, collectively, claiming that the Plaintiffs have named improper defendants. Plaintiffs seeking ERISA benefits can only recover from the plans, and not individuals. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996). Here, the Plaintiffs' claims seeking ERISA benefits in these counts have already been dismissed due to preemption. Accordingly, this issue is moot.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts IV, IX, and X is granted in part and denied in part. Plaintiffs' claims for breach of contract and breach of implied contract for ERISA benefits in Counts IV and IX are stricken. Count X is dismissed in its entirety.

Date: June 27, 2007

JOHN W. DARRAH
United States District Court Judge